L. W. & P. ARMSTRONG, Complainants,

*v.*

ISABEL LOPEZ CRUZ ET AL., Dfts.

IN THE MATTER OF INTERVENTION BY NICOLAS HERNANDEZ & COMPANY.

San Juan, Equity, No. 1092.

Opinion filed February 9, 1924.

*Mr. Jaime Sifre* for complainants.

*Mr. O. B. Frazer* for minor defendants.

*Mr. H. G. Molina* for the receiver.

*Nicolas Hernandez & Company,* in propria persona.

ODLIN, Judge, delivered the following opinion:

Among the numerous creditors of the estate of the deceased Enrique Bird, the business of which was carried on by his heirs and which resulted in the present receivership, there is a firm doing business in Havana, Cuba, at the present time, viz., Nicolas Hernandez & Company. This firm has submitted to this court its claim for priority and the argument in support of such claim is based upon two grounds, which may be stated as follows.

First, if the receiver did not obtain any actual cash from the heirs of the deceased Bird while conducting the business which they inherited from their father, it is clear that the deposit was wrongfully converted or diverted into another kind of asset.

Second, if the said heirs of the deceased Bird bought any real estate or any kind of article unlawfully with the deposit of cash which had been made by the marshal of the Insular court in the suit brought by said Nicolas Hernandez & Company, there was a conversion of that fund either into merchandise or real estate, and this merchandise or this real estate is still an asset of the heirs of Bird now in the hands of the receiver named by this court.

The claim is made that it is not necessary to prove that the special money derived from the attachment in the Insular court was exclusively used to buy any special article or property. If the identical cash is not available, there must have been a conversion into other assets or property.

It has already been decided by this court in numerous instances that claimants similarly situated to the present claimant are not entitled to priority as against creditors having specific

liens created previous to the receivership. It is not necessary to cite at length the decisions which form the basis of the conclusion of this court upon this point. They may be found in the report of the receiver which is known as Report No. 1, and which was filed June 20, 1922. One of the largest and most important claims was that of the American Colonial Bank.

The record also shows that this court ordered a hearing for the 15th day of December, 1922, and as a result of such hearing all claimants were ordered to show cause on or before December 31, 1922, as to what diversion had been made of deposits and to show to what extent the assets taken over by the receiver had been increased by such alleged diversion. There was the case of the National City Bank, whose claim exceeded $200,000, and there were many other individual depositors represented by counsel; and none of these was able to show cause up to as late as June, 1923, at which time this court sustained the report of the receiver, and held that none of said claimants was entitled to priority as against creditors with established claims. I am unable to find any element in the present claim of Nicolas Hernandez & Company which would justify this court in reaching a different conclusion.

Therefore, I am obliged to deny the claim for priority by Nicolas Hernandez & Company and to allow said claim as one of the many unsecured claims.

To this order and opinion Nicolas Hernandez & Company except.

Done and Ordered in open court at San Juan, Porto Rico, this 9th day of February, 1924.